## HASTINGS v. CHAMPER.

### No. 5544.

Court of Civil Appeals of Texas. Texarkana.

April 25, 1940.

H. A. Leaverton, of Longview, for appellant.

Lee & Porter, of Longview, for appellee.

JOHNSON, Chief Justice.

Appellant was plaintiff below and appellee was defendant, below, so they will be given the same designation here. Plaintiff instituted this suit in form of trespass to try title against defendant for title and possession of Lot 5, Block 1, Alamo Addition to City of Longview. Defendant's answer consisted of a general demurrer, general denial, plea of not guilty, and cross action against plaintiff for the sum of $285.50, alleging "that by virtue of said above-mentioned agreement (to exchange city lots) the said cross defendant, Hastings, became bound and obligated and promised to pay said cross plaintiff, Champer, the difference of their said equity, to-wit, the sum of $285.50 on demand, and before defendant was entitled to receive possession of the above described Lot No. 5 in Block 1." Trial was to a jury on special issues. The verdict and judgment were for defendant on her cross-action for $257.-50, and judgment was rendered for plaintiff for title and possession of the lot sued for together with the sum of $10 for the rental value thereof. This appeal is from that part of the judgment awarding defendant the money judgment.

By his seventh proposition plaintiff asserts that the trial court committed reversible error in permitting the introduction, by defendant, of evidence which tend-

ed to vary the terms of an unambiguous written contract entered into by plaintiff and defendant, absent the allegations by defendant of fraud, accident or mistake. It appears from the record that plaintiff and defendant traded. certain city lots located in Longview, Texas. Plaintiff owned Lot 18, Block 2 of the Alamo Addition, and defendant owned Lot 4, Block 1, and had a contract to purchase Lot 5, Block 1, .in the same addition. Hereafter the property involved will be referred to by lot number.

 Plaintiff had paid on the purchase price of Lot 18 the sum of $107.50. Defendant had paid on the purchase price of Lot 5 the sum of $15 and had erected thereon a small dwelling alleged to be worth $320. There was an outstanding indebtedness of $1,250 against Lot 4. On February 16, 1938, defendant executed a deed to Lot 4 in favor of plaintiff and also assigned to him the contract of purchase covering Lot 5, and, presumably, though not definitely shown by the record, plaintiff either conveyed by deed Lot 18 to defendant or assigned to her his contract to purchase said lot. The consideration expressed in the deed to Lot 4 from defendant to plaintiff is $100 cash, a note for $600 payable in monthly installments of $50 each, and the assumption of the $1,250 outstanding against same. The contract to purchase Lot 5, which was assigned by defendant to plaintiff, recites a consideration of $219, payable $10 cash, and $5 per month. No other consideration is expressed in either of said instruments. No ambiguity in either is claimed or shown. Over the objection of plaintiff the defendant was permitted to testify that she was due an additional consideration for Lot 5 by reason of the difference in value of the equities owned by plaintiff and defendant in their respective lots brought about by the erection of a small dwelling house on Lot 5. Defendant alleged and also testified that plaintiff agreed to pay her the amount of money representing the difference in value of their said equities. There is no allegation in defendant's cross-action of fraud, accident or mistake authorizing the introduction of evidence of any oral contract to change or alter the terms of either of the written instruments conveying and assigning defendant's interest in Lots 4 and 5 to plaintiff. In the absence of such allegations it was error to permit the testimony complained of to the effect that there was another and additional consideration for the transfer of said lots. The effect of this testimony was to add to the writings, theretofore signed and accepted by both parties, and another stipulation with respect to the amount of consideration to be paid for said lots. Self v. King, 28 Tex. 552; McCormick v. Kampmann, 102 Tex. 215, 115 S. W. 24; Magnolia Warehouse & Storage Co. v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184; Jefferson Cotton Oil Co. v. Pridgen & Congleton, Tex.Civ.App., 172 S.W. 739, writ refused; Heldenfels v. School District, Tex.Civ.App., 182 S.W. 386, writ refused. In 22 C.J. p. 1098, Sec. 1459, backed up by universal authority, the rule is stated thus: "The most usual application of the parol evidence rule is with respect to contracts, as to which it is established that in the absence of fraud or mistake parol or extrinsic evidence is not admissible to vary, add·to, modify, or contradict the terms or provisions of the written instrument by showing the intentions of the parties or their real agreement with reference to the subject matter to have been different from what is expressed in the writing; for where the parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of their engagement, all previous negotiations and agreements with reference to the subject matter are presumed to have been merged in the written contract, and the whole engagement of the parties and the extent of their undertaking is presumed to have been reduced to writing. The rule, however, goes even further than .this, and it has been established that where the instrument is free from ambiguity and is in itself susceptible of a clear and sensible construction, parol or extrinsic evidence is not admissible even to explain its meaning or determine the construction of the writing."

This proposition is. sustained.

We have examined proposition No. 1, and in our opinion it is without merit and is therefore overruled. The other propositions brought forward are not discussed for the reason that the alleged errors contained therein likely will not occur on another trial.

The judgment of the lower court, in so far as it allows to defendant a money judgment, is reversed and remanded. In all other respects the judgment is affirmed.