**Fannin State Bank, Appellee, v. Jennie Grossman, Appellant.**

Gen. No. 48,117.

First District, Third Division.

March 1, 1961.

Rehearing denied March 23, 1961.

Myer H. Gladstone and Harry C. Diamond, of Chicago, for appellant.

Philip D. Goodman and Richard F. Levy, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

In this case, both parties asked for judgment on the pleadings. The court allowed plaintiff's motion, entered judgment in its favor and defendant appealed.

The suit involves construction of a guaranty given by defendant to plaintiff for the payment of "any and all indebtedness and liability of every kind, nature and character" incurred by one Joseph Gorchoff up to $10,000. Gorchoff endorsed a note to the bank given by the Luran Steel Supply Co., a corporation, of which he was president. When the note was dishonored and Gorchoff failed to pay, plaintiff sued defendant on the guaranty. The question is whether Gorchoff's liability as an endorser is covered by the terms of the guaranty.

It appears from the pleadings that Gorchoff originally did business as an individual under the name of Luran Steel Supply Co. and was so engaged when defendant executed and delivered her guaranty to the bank. At that time she handed an officer of the bank a cancelled guaranty agreement which she had previously signed for another bank and told the officer that she would sign a similar guaranty. Accordingly, a guaranty identical in substance was drafted by

486

plaintiff and was executed by defendant. Sometime thereafter, Luran Steel Supply Co. was incorporated, and the note in question was executed by that company and endorsed by Joseph Gorchoff.

■ Defendant contends that the guaranty was intended to cover money loaned directly to Gorchoff and not his liability as an endorser. The terms of the instrument, however, clearly contemplate the extension of credit and the incurring of liability beyond that of the narrow limitation placed on it by defendant. It provides that the bank shall give Gorchoff credit as he may desire and the bank may grant from time to time, whether *to him alone or to him and others,* and defendant guarantees payment in the following terms:

> ". . . unconditionally guarantees prompt payment when due and at all times thereafter of any and *all indebtedness and liability of every kind, nature and character* and all renewals, extensions and *modifications* thereof now existing or which may hereafter exist from the Borrower to said Bank, howsoever and whensoever created, or arising or evidenced, or acquired. . . . " (Emphasis supplied.)

The only limitation on her obligation is that contained in the last paragraph:

> "It is understood that while the amount of credit extended to or liability incurred to the Bank by the Borrower is not limited, the liability of the undersigned to the Bank hereunder shall not exceed Ten Thousand And No/one/Hundredths ($10,000) dollars. February 10, 1956. This Guaranty Is A Continuing One Or Unless Revoked in Writing."

The words "indebtedness and liability" are not limited to liability for money owing by Gorchoff indi-

487

vidually. The last paragraph of the instrument makes that clear. It refers to "the amount of credit extended to or *liability incurred* to the Bank" by Gorchoff, and places one limitation on that credit or liability, that is, that it shall not exceed ten thousand dollars.

As the transaction took place in Texas, the laws of that state would govern. The Texas statute (17 Vernon's Texas Civil Statutes, Title 98, Article 5936, Secs. 64, 66, pages 183–84) provide as follows:

> "Sec. 64. Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable as an endorser, in accordance with the following rules:
>
> (1) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties . . . ."

Section 66 fixes the obligation of the endorser as a liability and is within the terms of the guaranty.

It is argued by defendant that since Gorchoff was designated as "borrower" in the instrument of guaranty, the guaranty must be limited to indebtedness incurred by him. The word "borrower" was merely a term of convenience and was not intended to define the extent of the guaranty. Other language in the instrument to which we have before referred makes this clear.

It is true, as contended by defendant, that the undertaking of a guarantor is to be strictly construed. Courts apparently consider that guarantors and sureties without compensation do not directly profit nor seek to profit from such a transaction, but are third persons who have become involved out of generosity or some incidental consideration. On the other hand, a guaranty is a mercantile instrument serving the uses and convenience of commercial intercourse, and should be construed according to what may be fairly said to

be the understanding of the parties, as in any other contract. Booth v. Irving National Exchange Bank, 116 Md. 668, 82 Atl. 652, 654 (1911). That case was similar to the instant one. The guarantor guaranteed to the extent of $10,000 the payment of all sums of money that might become due from one C. S. Norris upon all obligations "direct and indirect, written and verbal, and implied." A corporation of which Norris was president borrowed money from the bank. Norris endorsed the note. The court held that the guaranty of payment was sufficient to cover his liability as an endorser.

█ In these transactions it is generally the lender who prepares the instrument, and its provisions are in accordance with the established rule construed most strongly against it. In the instant case, defendant herself presented to the bank the type of instrument she wanted to execute, and that rule would not apply. Even if it did, the language is so clear that it appears to us to be conclusive.

It is argued that it was improper for the court to enter judgment on the pleadings because of an alleged factual issue raised by the answer. This reads as follows:

> ". . . it was neither agreed nor intended by this defendant that the said guarantee agreement should extend to and include any liability that the said Joseph Gorchoff would incur as an endorser or guarantor of any note, obligation or paper of the said Luran Steel Supply Co., a corporation, whether by operation of law or otherwise. The said guarantee agreement was executed and delivered by this defendant upon the foregoing condition and understanding."

Defendant contends that this defense calls for evidence to determine the circumstances under which the

guaranty was signed and defendant induced to execute the guaranty. In other words, it is argued that this presents the basis for parol evidence. This argument does not bear examination.

■ ■ After plaintiff had moved for judgment on the pleadings, defendant filed her motion for judgment on the pleadings and stated in the motion: *"there are no issues of fact* to be determined on a trial of this cause."* (Emphasis supplied.) The case was thus presented to the trial court on the theory of both parties that there were no issues of fact. Parties are bound by the issues as presented to the trial court. Moreover, the language relied upon does not present an issue of fact. It states that the guaranty "was neither agreed nor intended" to include liability of Gorchoff as an endorser, and that it was signed on that condition and understanding. So far as appears, this is merely a statement of defendant's interpretation of the agreement or her mental reservations. The instrument of guaranty is clear and definitive. Defendant has not stated a case for the presentation of parol evidence. Hastings v. Champer, 139 S.W.2d 863 (Tex. Civ. App. 1940); Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154 (1951).

Defendant relies on two Texas cases, Jarecki Mfg. Co. v. Hinds, 295 S. W. 274, (Tex. Civ. App. 1927), and City State Bank & Trust Co. v. United Paperboard Co., 146 S.W.2d 832 (Tex. Civ. App. 1940). We have examined these cases. They bear no resemblance to the case at bar. In Jarecki Mfg. Co. v. Hinds, supra, the guarantor guaranteed the payment of 5000 feet of wire line, not to cost over $1050. Plaintiff delivered 4500 feet of wire line, for which it charged 21–¾ cents per foot. The court held that the guaranty was for a maximum price of 21 cents per foot and that 5000 feet meant 5000 feet, and not 4500. The price, the court said, was in excess of the maximum

490

price fixed and the length was materially less than that fixed by the guaranty. The court considered a variation of 500 feet was not a substantial compliance. No such situation exists in the instant case.

In City State Bank & Trust Co. v. United Paperboard Co., supra, a manufacturer wrote its customer that it would deliver 100,000 cartons costing approximately $1300, provided the bank would guaranty one-half the amount of the order, or $650. The bank accordingly did deliver a guaranty conditioned upon receipt of the cartons by the customer. Instead of delivering the cartons to the customer, the manufacturer shipped them on a sight draft. The customer did not pay the draft and never received the cartons. The manufacturer sued the company. The court held that the bank's liability was predicated upon the delivery of the cartons to the customer and that not having been done, the guarantor was not liable. That case likewise has no application here.

We see no merit in the argument made by defendant for the first time in her reply brief that it was incumbent upon plaintiff to prove that Gorchoff placed his signature on the note before delivery to the bank. The endorsement was not denied nor was the point made either in the pleadings or in defendant's points made in this court. The natural course of such transactions would be endorsement before or concurrent with delivery. The argument that Joseph Gorchoff is not the primary or principal debtor, but only secondarily liable to plaintiff as an endorser is of no consequence here. Defendant's guaranty covered any and all liability, howsoever created, from Gorchoff to the bank. It was broad enough to cover both a primary and secondary liability.

Judgment affirmed.

McCORMICK and DEMPSEY, JJ., concur.