FARMERS STATE BANK, Plaintiff-Appellee, *v.* DAVID A. DOERING *et al.*, Defendants-Appellants.

Fourth District   No. 15621

Opinion filed February 1, 1980.—Rehearing denied March 6, 1980.

Stanley L. Tucker, of Hartzell, Glidden, Tucker & Neff, of Carthage, for appellants.

Robert W. Cook, of Schmiedeskamp, Robertson, House, Neu & Mitchell, of Quincy, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On May 16, 1977, plaintiff filed a three-count complaint in the circuit court of Pike County, Illinois, seeking to enforce alleged liability of defendants on the basis of guaranty agreements. Both parties filed motions for summary judgment. Plaintiff's motion was granted and judgment was entered in favor of plaintiff in the amount of $93,127.03. The trial court entered an order under Supreme Court Rule 304 (Ill. Rev. Stat. 1977, ch. 110A, par. 304) finding no just reason for delaying enforcement or appeal of the judgment.

Defendant David Doering and Donald Sperry became involved in a business relationship in 1974 when the two began a hog-feeding operation. During 1975, defendant and Sperry conducted their business as an informal partnership which they at times referred to as David Doering's Pigs Unlimited. Defendant and Sperry began to do business as a corporation, Pigs Unlimited, Inc., on January 1, 1976.

On September 29, 1975, both defendants executed a guaranty to the plaintiff bank. The guaranty agreement executed by David Doering names Donald Sperry as the principal debtor. The guaranty executed by defendant Jean Doering designates David Doering as principal debtor. Both forms are identical except for the designation of principal debtor. The printed guaranty states the coverage as follows:

> "[W]e hereby jointly and severally guarantee the full and prompt payment to said Bank at maturity, and at all times thereafter, and also at the time hereinafter provided, of any and all indebtedness, liabilities and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced, to the extent of All notes of indebtedness * * *."

The words "All notes of indebtedness" were typed into a blank space which would appear to have ordinarily set forth a specific dollar amount. A later provision states that upon failure or default, the guarantor shall be liable for "all of said indebtedness, liabilities and obligations, *to the extent of the amount of this guaranty* * * *." (Emphasis added.)

On October 4, 1976, and November 24, 1976, Pigs Unlimited, Inc., executed two promissory notes to the plaintiff. These two notes were in the total amount of $106,488.65. Donald Sperry executed his personal guaranty on the back of each of these notes. Thereafter, the corporation defaulted and the notes were reduced to judgment. Plaintiff then

commenced the present actions seeking to enforce each defendant's guaranty agreement upon the two notes of Pigs Unlimited.

■■ ■ It is best to begin our analysis with the rules of construction applicable to the interpretation and construction of guaranty agreements. It is a rule that guaranty agreements be strictly construed in favor of the guarantor and that a guarantor's liability cannot be extended by construction. (*King Korn Stamp Co. v. Guaranty Bank & Trust Co.* (1969), 114 Ill. App. 2d 428, 252 N.E.2d 734.) A guarantor is a favorite of the law and may stand on the strict terms of his obligation when such terms are ascertained. (*Commonwealth Trust & Savings Bank v. Hart* (1932), 268 Ill. App. 322.) Where a guaranty contract is unequivocal in its terms, it must be interpreted according to the language used since it is presumed that the parties meant what their language clearly imports. (*National Acceptance Co. of America v. Exchange National Bank* (1968), 101 Ill. App. 2d 396, 243 N.E.2d 264.) A guarantor is not liable for anything which he did not agree to and if the creditor and principal have entered into an agreement materially different from that contemplated by the instrument of guaranty, the guarantor will be released. *Claude Southern Corp. v. Henry's Drive-In, Inc.* (1964), 51 Ill. App. 2d 289, 201 N.E.2d 127.

The basic issue in the case before us is whether each defendant is liable to the plaintiff as a guarantor of a guarantor. Plaintiff argues that defendant David Doering's guaranty makes him liable for all of Donald Sperry's debts, including Sperry's guaranty obligations on the notes of Pigs Unlimited. The plaintiff further argues that defendant Jean Doering is correspondingly liable for the corporate notes through her guaranty of her husband's debts. Plaintiff contends that the language of both guaranty agreements is broad enough to encompass each principal debtor's secondary liability.

Plaintiff principally relies on the decision in *Fannin State Bank v. Grossman* (1961), 30 Ill. App. 2d 484, 175 N.E.2d 268. In *Fannin*, the defendant executed a guaranty to the plaintiff for the payment of "any and all indebtedness and liability of every kind, nature and character" incurred by Gorchoff. Defendant's liability was limited to $10,000 while "the amount of credit extended to or incurred to the bank by the borrower is not limited." The guaranty form was one suggested by the defendant. Gorchoff later endorsed a note given by a corporation to the plaintiff. When the corporation defaulted on the note, the plaintiff brought suit against the defendant guarantor. The court rejected the defendant's contention that the guaranty should be strictly construed on the grounds that defendant herself had presented to the bank the type of instrument she wanted to execute. Even with strict construction, the court found the

clause "credit extended or liability incurred" broad enough to include Gorchoff's secondary liability as endorser. Thus, the court found the defendant liable and affirmed summary judgment in favor of the plaintiff.

We find *Fannin* distinguishable in two important respects. First the guaranty forms here were prepared and submitted by the plaintiff. Thus, we should construe the agreement in favor of the guarantor and not extend the guarantor's liability by construction.

●■■ Second, the guaranty terms in the present case are not as sweeping as those in *Fannin*. Each printed guaranty begins by guaranteeing "any and all indebtedness, liabilities and obligations of every nature * * *." Taken by itself, this would arguably extend each guarantor's liability to cover secondary obligations of the principal debtor. However, this broad coverage is qualified by the typewritten phrase "all notes of indebtedness." By definition, a "note" is a unilateral instrument containing an express and absolute promise of signer to pay a specified person or order, or bearer, a definite sum of money at a specified time. (Black's Law Dictionary 956 (5th Ed. 1979).) This is a primary obligation and would not include a debtor's secondary liabilities accruing under a guaranty agreement. Under established rules of construction, the more specific typewritten provision controls over the general printed provision. (*Faith v. Martoccio* (1974), 21 Ill. App. 3d 999, 316 N.E.2d 164; *Dixon v. Montgomery Ward & Co.* (1953), 351 Ill. App. 75, 114 N.E.2d 44.) Therefore, we find *Fannin* distinguishable and hold that the defendant's liability under the guaranty agreements does not extend to each principal debtor's guaranty obligations.

When dealing with similar fact situations, courts in other States have also found *Fannin* distinguishable. In *Rohn v. Weld County Bank* (1964), 155 Colo. 490, 395 P.2d 1003, defendant wife executed a guaranty to plaintiff covering "notes and obligations" of her husband. Her husband in turn guaranteed their son's line of credit to the same plaintiff bank. The supreme court of Colorado held that the terms of the wife's guaranty were confined to the debts arising out of credit extended to her husband and could not be extended to the son's debts. The court applied the rule of the *ejusdem generis* in concluding that the general term "obligation" only referred to the type of obligations particularly described in the guaranty. The court distinguished *Fannin* by its much broader guaranty coverage which was not limited by any specific terms. In *Trego WaKeeney State Bank v. Maier* (1974), 214 Kan. 169, 519 P.2d 743, defendant father executed guaranty to the plaintiff in consideration of the extension of credit to his son. The guaranty stated that it covered four specific types of primary debts and a fifth general class of "any and all obligations, of every kind and character" of the debtor. The son later guaranteed a note of a corporation. The supreme court of Kansas

followed the reasoning in *Rohn* and interpreted the fifth clause to refer to the four specific primary obligations previously enumerated. The court refused to extend the guarantor's liability so as to include the secondary liabilities of his son. The court similarly distinguished *Fannin* by its much broader guaranty terms.

■■ It is entirely possible that all of the parties intended the defendants be liable for extensions of credit to the business. However, the documents as executed do not reflect this intention. We cannot extend the liability of the guarantors by construction.

The judgment is reversed and this cause remanded with directions to enter judgment for the defendants.

Reversed and remanded with directions.

MILLS, P. J., and WEBBER, J., concur.