**EMPIRE BANK, Plaintiff–Respondent,**

v.

**BAM CONSTRUCTION, INC., Ronald F. Butts, Randy Aleshire, Cindy Aleshire, Tom McCafferty and Cindy McCafferty, Defendants,**

**Twila Butts, Defendant–Appellant.**

**No. 11768.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 5, 1980.

James L. Bowles, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for plaintiff–respondent.

James L. Robinett, Jr., Yates, Mauck, Robinett & Bohrer, Inc., Springfield, for defendant–appellant.

BILLINGS, Judge.

Suit on promissory notes, lease agreement, and guaranties. Trial was to the court and judgment entered in favor of the plaintiff. Defendant Twila Butts claims the court erred in holding her liable to plaintiff on her guaranty agreement. We affirm.

The notes and lease agreement were executed by BAM Construction, Inc., between January, 1977 and January, 1979. Ronald Butts was an officer of the corporation and husband of defendant Twila Butts. On January 28, 1977 Ronald Butts executed a guaranty agreement to plaintiff Empire Bank to enable BAM Construction, Inc. to obtain credit. On the same day defendant Twila Butts executed a similar guaranty to the bank to enable Ronald Butts to obtain credit. Defendant Twila Butts' guaranty agreement provided, inter alia, that she agreed to "guarantee the full and prompt payment to said Bank at maturity, and at all times thereafter, and also at the time hereinafter provided, of *any and all indebtedness, liabilities and obligations of every*

*nature and kind of said [Ronald Butts] to said Bank, and every balance and part thereof, whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced, to the extent of NO LIMIT . . ."* (emphasis ours)

Defendant Twila Butts, in this appeal, contends the trial court failed to strictly construe her guaranty agreement, and conversely, enlarged the scope of the guaranty in determining she was liable to plaintiff.

Defendant is correct in saying that contracts of guaranty must be strictly construed. *Beauchamp v. North American Savings Association,* 543 S.W.2d 536 (Mo. App.1976). However, the interpretation of a contract of guaranty is the same as for other types of contracts [*Bruce v. Landmark Central Bank & Trust Co.,* 592 S.W.2d 198 (Mo.App.1979)] and an agreement of guaranty may be as broad as, or broader or narrower than, the contract between the principal and the debtor. *Mount Calvary Church v. Albers,* 174 Mo. 331, 73 S.W. 508 (1903); 38 C.J.S. Guaranty § 43 (1943); 38 Am.Jur.2d Guaranty § 74 (1968). The general rule is that a comprehensive guaranty of debts covers both the primary and secondary liability of the principal. *Fannin State Bank v. Grossman,* 30 Ill.App.2d 484, 175 N.E.2d 268 (1961), 85 A.L.R.2d 1178.

In *International Multifoods v. D & M Feed & Produce,* 470 F.Supp. 654 (D.Neb. 1979), the court considered the question whether a father–in–law's guaranty encompassed his son–in–law's guaranty of corporate indebtedness and reviewed various cases posing the problem, including *National Bank of Commerce v. Rockefeller,* 174 F. 22 (8th Cir. 1909), which is relied upon by defendant Twila Butts in this appeal. The court noted the limiting language of the guaranty in *National Bank of Commerce* and other cases cited by the father–in–law and held that the broad language of the father–in–law's guaranty was sufficient to cover the secondary liability of the son–in–law under the latter's guaranty.

Here, defendant Twila Butts' guaranty expressly guaranteed all of Ronald Butts' "indebtedness, liabilities and obligations of every nature and kind" and "every balance and part thereof," past, present or future, and with "NO LIMIT". Under his guaranty of the corporation's indebtedness to plaintiff bank, Ronald Butts was secondarily liable for such indebtedness. By reason of the quoted language in defendant Twila Butts' guaranty we are of the opinion that the parties intended her guaranty to cover the secondary liability of her husband. She promised to pay his debts, liabilities and obligations to plaintiff. Liability has been defined as "of the most comprehensive significance, including almost every character of hazard of responsibility, absolute, contingent or likely." Blacks Law Dictionary 823 (5th Ed. 1979). Obligation is defined as "[t]hat which a person is bound to do or forbear; any duty imposed by law, promise, contract, relations of society, courtesy, kindness, etc." *Id.* at 968. Furthermore, upon the corporation's failure to pay its debts to plaintiff, Ronald Butts' liability became absolute and the corporate debts owing plaintiff became the debts of Ronald Butts. We hold defendant Twila Butts' guaranty was sufficiently broad in scope to render her liable to plaintiff.

The judgment is affirmed.

MAUS, C. J., and HOGAN, J., concur.

PREWITT, P. J., recused.