WALTER E. HELLER & COMPANY, INC., a Delaware Corporation, Plaintiff-Appellee,

v.

Bruce M. WILKERSON and James M. Schnitker, Defendants-Appellants.

No. 80CA0626.

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Rehearing Denied Jan. 29, 1981.

Lohf & Barnhill, P. C., Robert E. Shaiman and Stephen E. Kapnik, Denver, for plaintiff-appellee.

George Davies, P. C., William R. Lahey, Denver, for defendants-appellants.

RULAND, Judge.

In an action by the plaintiff, Walter E. Heller & Company, against the defendants, Bruce M. Wilkerson and James M. Schnitker, to recover the balance due on a promissory note, the defendants appeal from a judgment of the trial court granting the plaintiff's motion for summary judgment. We reverse and remand for further proceedings.

In June of 1977, the plaintiff (Heller) loaned money to the Eagle Forest Products Company (Eagle) pursuant to a written agreement between the two companies. Heller obtained a security interest in Eagle's inventory and accounts receivable, and the loans were additionally secured by the personal guarantee of Eagle's president.

On September 28, 1977, the defendants purchased Eagle's stocks and assets. Heller made no objection to the sale and agreed to continue financing Eagle, but it did require the defendants to sign personal guarantees. Approximately one year later, Eagle filed a petition for bankruptcy in the United States District Court, and Heller, pursuant to its security agreement, took possession and control of Eagle's inventory and accounts receivable. Heller sold the collateral which the defendants claim was valued at $60,000 for $32,500, and then filed this action against the defendants, as guarantors, for the deficiency. The defendants answered, but claimed by way of affirmative defense that Heller had not disposed of the collateral securing the principal obligation in a "commercially reasonable manner" as required by the Uniform Commercial Code.

Heller then filed a motion for summary judgment, alleging that the written guarantee signed by the defendants created an unconditional liability upon them, and that as a matter of law, Heller's disposition of the collateral was immaterial because the affirmative defense of commercial unreasonableness had been waived by the language of the guarantee. The trial court granted the plaintiff's motion, but its conclusions of law do not reveal whether the legal basis of the judgment was premised upon the conclusion that the defense of "commercial unreasonableness" under the U.C.C. did not apply or that it had been waived by the defendants in the guarantee.

As far as pertinent here, the guarantee provides that:

"The [defendants] ... do hereby jointly and severally unconditionally guarantee to you and your assigns the prompt payment in full ... of any and all indebtedness ... owing to you by the Debtor ...

...."

[P]resentment, demand, notices of default, nonpayment or partial payments or protest, notice of protest and all other notices or formalities to which the Debtor might otherwise be entitled, prosecution of collection or remedies against the Debtor ... or against any security or collateral ... are hereby waived.

The [defendants] also waive notice of ... the taking and releasing of security in respect of any ... indebtedness ... and [Heller] shall not be required to prosecute collection, enforcement or other remedies against the Debtor ... or to enforce or resort to any security, liens, collateral or other rights or remedies thereto appertaining, before calling on us for payment; nor shall our liability in any way be released or affected by reason of any failure or delay on your part to do so.

. . . .

This guarantee is absolute, unconditional and continuing .... We expressly waive and bar ourselves from any right to set-off, recoup or counterclaim any claim or demand against said Debtor . . . ."

The guarantee further provided that it is to be interpreted according to the laws of the State of Illinois.[1]

The defendants contend that the trial court erred in granting Heller's motion for summary judgment because the defense of commercially unreasonable disposition of the collateral is available to them under the Illinois Uniform Commercial Code. We agree.

■ Because Heller was given a security interest in the accounts receivable and inventory of the debtor, Eagle Forest Products Company, the transactions involved here are covered by Article 9 of the U.C.C. Under Illinois law, a guarantor on a promissory note is a "debtor" within the meaning of Ill.Rev.Stat. ch. 26, § 9–504(3). *Commercial Discount Corp. v. Bayer*, 57 Ill.App.3d 295, 14 Ill.Dec. 647, 372 N.E.2d 926 (1978). As such, the obligation which a secured

party has to preserve and protect the collateral for the benefit of the principal debtor also runs to the guarantor of the underlying debt. *See Commercial Discount Corp. v. Bayer, supra; see also First Bank & Trust Co. v. Post*, 10 Ill.App.3d 127, 293 N.E.2d 907 (1973).

■ Even if we assume that the guarantor may waive those rights under the U.C.C., *see National Acceptance Co. v. Wechsler*, 489 F.Supp. 642 (N.D.Ill.1980), guarantee agreements are to be strictly construed in favor of the guarantor. *Farmers State Bank v. Doering*, 80 Ill.App.3d 959, 36 Ill.Dec. 285, 400 N.E.2d 705 (1980). Here, the language of the guarantee provides only that the creditor may proceed directly against the guarantor in the event of the debtor's default without having first to proceed against the collateral. There is nothing in the agreement expressly providing that the defendants waived their rights under Ill.Rev.Stat. ch. 26, § 9–504, in the event that the plaintiff voluntarily elected to proceed against the collateral to satisfy the debt. And, the fact that the guarantor's obligation is unconditional does not constitute a waiver of those rights. *Commercial Discount Corp. v. Bayer, supra; see also United States v. Willis*, 593 F.2d 247 (6th Cir. 1979). Hence, under the terms of the agreement, the defendants could not compel Heller to go against the security, but once Heller elected to do so, he was required to do so in a commercially reasonable manner. *See Commercial Discount Corp. v. Bayer, supra.*

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

COYTE and PIERCE, JJ., concur.

*First Commercial Corp. v. Geter*, 37 Colo.App. 391, 547 P.2d 1291 (1976).

---

1. Because the law of Illinois controls the disposition of this case, we do not address Heller's arguments based upon this court's opinion in