GRANVILLE NATIONAL BANK, Plaintiff-Appellant, v. JEANNE ALLE-MAN, Defendant-Appellee.

Third District   No. 3—91—0824

Opinion filed December 15, 1992.

Charles W. Helmig III, of Helmig & Helmig, of Granville, for appellant.

Gary Edward Orr, of Reardon, Orr & Dvorak, Ltd., of East Peoria, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, the Granville National Bank (Bank), sued defendant, Jeanne Alleman, on defendant's guarantees on a note defaulted by her husband, Darrell Alleman. The trial court granted defendant's motion for judgment on the pleadings. (Ill. Rev. Stat. 1991, ch. 110,

par. 2—615(e).) Plaintiff's motion to vacate the trial court's order was denied. Plaintiff appeals, contending that judgment on the pleadings was improper because the allegations of plaintiff's complaint establish that defendant's guarantees applied to the note. We reverse and remand.

Plaintiff's complaint alleged that it was the owner of a promissory note in the amount of $297,000 executed and delivered by Darrell Alleman on May 3, 1984. The complaint alleged that, after credits for various payments, $180,147.15 remained outstanding on the note as of July 8, 1987. The complaint further alleged that Darrell Alleman had filed a petition in bankruptcy and that $112,982.15 remained due after his property was converted to cash and this money was paid on the note. The complaint further alleged that defendant, Jeanne Alleman, had given her written guaranty of loans made by the Bank to Darrell Alleman. The complaint sought judgment against defendant in the sum of $112,982.15, plus costs and interest.

Attached to the complaint were copies of two guarantees and the May 3, 1984, note. The guarantees, dated February 21, 1970, and April 20, 1971, stated:

"G U A R A N T Y

WHEREAS, some or all of the real estate owned by the undersigned is held as joint tenants; and

WHEREAS, it is advisable and necessary to borrow funds from time to time, and it may be inconvenient for both parties to sign at the time funds are borrowed;

NOW, THEREFORE, each of the undersigned hereby guarantees payment of all notes given to THE GRANVILLE NATIONAL BANK, Granville, Ill. 61326 signed by the other, and this Guaranty specifically coves all such obligations whether given heretofore or hereafter.

This Guaranty shall remain in full force and effect until revoked in writing by either party, and when revoked, this Guaranty shall remain in effect for any notes or obligations existing at that time.

* * *

/s/     Darrell Alleman

/s/     Mrs. Jeanne L. Alleman"

The note, in relevant part, stated:

"I, five (5) years after date, for value received, promise to pay to the order of myself, the principal sum of Two Hundred Ninety Seven Thousand and no/100 ($297,000.00) Dollars, with

interest thereon at the rate of twelve and .75 (12.75%) per cent per annum, after date, until paid, and payable as follows:

Interest only shall be due and payable on May 3, 1985. After May 3, 1985, the principal sum of $15,000.00 on or before the 3rd day of May, 1986, with interest at the rate of twelve and .75 (12.75%) per cent per annum, both principal and interest payable annually on the 3th [*sic*] day of May of each succeeding year, until four (4) such payments have been made and paid, the final payment being due and payable on May 3, 1989, and twelve and .75 (12.75%) per cent per annum interest after maturity until fully paid.

Both principal and interest are payable in legal tender of The United States of America at The Granville National Bank, Granville, Illinois, or such other place as the holder hereof may, from time to time, in writing appoint.

\* \* \*

In consideration of the premises and further to secure payment of this note, the undersigned upon non-payment of this note when due, hereby irrevocably make any attorney at law their attorney for them and in their name or names, to appear in any Court of Record, to waive service of process, and in term time or vacation confess a judgment on this note in favor of the payee or holder hereof, against the undersigned, for such sum as shall at such time appear to be unpaid hereon, together with costs, reasonable attorney fees and collection expenses; and consent to the immediate issuing of execution upon such judgment when confessed. Presentment, demand, protest, notice of dishonor and extension of time without notice are hereby waived. If the holder deems itself insecure then at its option it may declare this note to be immediately due.

\* \* \*

This note is given for actual loan of money and is secured by a Trust Deed bearing the date of the 3rd day of May, 1984, to The Granville National Bank, a national banking association with trust powers, Granville, Illinois, Trustee, conveying real estate in Putnam County, Illinois.

/s/   Darrell F. Alleman (SEAL)"

Defendant filed a motion for judgment on the pleadings, contending, *inter alia*, that the guarantees did not cover the note. Specifically, defendant contended that, because the note was a promise paid to the order of Darrell Alleman, it was a promissory note to Darrell Alleman, not to the Bank. Defendant's motion asserted that when the

promissory note was signed by Darrell Alleman, it created no legal liability to anyone to which a guarantee could apply. The motion further asserted that the guarantees did not contain the breadth of language sufficient to cover endorsement liability as that contained in Darrell Alleman's note.

The trial court granted defendant's motion, ruling that any liability of defendant "must derive from the endorsement applied by Darrell F. Alleman of the subject promissory note" and that the scope of the guarantees was not blanket in nature but rather was limited to promissory notes executed by Darrell Alleman as maker, covering property held in joint ownership. The court further ruled that the guarantees were insufficiently worded to encompass liabilities set forth in plaintiff's complaint.

The Bank filed a motion to vacate, alleging the guarantees covered all notes given by Darrell Alleman to the Bank, including bearer notes at the time of negotiation. The Bank asserted that the preamble to the guarantees regarding the real estate was for the Bank's protection and not a limiting condition to the guarantors' liability. The Bank also attached as evidence of the Allemans' continuous debt to the Bank copies of 113 promissory notes endorsed by Darrell Alleman and given to the Bank since April 20, 1971.

Defendant filed a response to the Bank's motion to vacate, alleging, *inter alia*, that each of the 113 additional promissory notes was different from the note at issue because they were each made payable to the Bank, rather than payable to bearer. Defendant argued that these 113 notes showed that the parties' past practices were that the guarantees were to apply to these additional notes, and not to the May 3, 1984, note. Defendant further contended that any action on the guarantees was precluded by the 10-year statute of limitations in section 13—206 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—206).

The trial court denied the Bank's motion to vacate. This appeal followed.

■■ "A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint or, alternatively, whether defendant by his answer has set up a defense which would entitle him to a hearing on the merits." (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3, citing *Pied Piper Yacht Charters Corp. v. Corbel* (1974), 17 Ill. App. 3d 281, 283; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 120-21.) The motion must be denied if there is any material issue of fact. *Hartlett*, 94 Ill. App. 3d at 3.

Here, the complaint alleges that Darrell Alleman executed and delivered his note on May 3, 1984. Inferring all facts favorable to the Bank, the court, for purposes of the motion, could only conclude that Darrell Alleman made the note on May 3, 1984, endorsed the note on that date, and negotiated the note to the Bank on that date by delivery. The complaint further set forth the guarantees signed by Darrell Alleman and defendant.

■ The trial court incorrectly construed the guarantees as applying only to jointly held real estate owned by Darrell Alleman and defendant. The initial paragraph of the guarantees states that "WHEREAS, some or all of the real estate owned by the undersigned is held by joint tenants." The note made by Darrell Alleman contained the provision that the note was secured by a trust deed. The note was signed by Darrell Alleman alone, and thus it is inferred that Darrell Alleman was the sole owner of the real estate used to secure the note. However, the guarantees do not state that the guarantees apply only to real estate held in joint tenancy but rather that "some or all" of the real estate of both parties was held in joint tenancy. We do not interpret the guarantees as applying only to notes secured by property held in joint tenancy.

■ We also disagree with the trial court's ruling that the guarantees were "insufficiently broad" to cover the liability as set forth in the complaint. The guarantees provided that "each of the undersigned hereby guarantees payment of *all* notes given to the [Bank] signed by the other." (Emphasis added.) The note was negotiated on May 3, 1984, to the Bank by Darrell Alleman as set forth in the plaintiff's complaint. The guarantees apply because the note was signed by Darrell Alleman as maker and signed by him as payee and then negotiated and delivered to the Bank. The note by negotiation and delivery to the Bank was given, *i.e.*, transferred to the Bank, within the meaning of the guarantees. As such, the note is within the scope of the guarantees.

Nevertheless, defendant contends that the parties' past practices prove that the note was not intended to be covered by the guarantees. This contention was raised in the defendant's response to plaintiff's motion to vacate, concerning the 113 notes attached to plaintiff's motion to vacate. Defendant stresses that Darrell Alleman executed 113 promissory notes from February 1970 through 1984 and that each of these notes was made payable to the Bank rather than to bearer or maker, as is the case with the note at issue. According to defendant, these past practices establish that the guarantees were to apply to notes in the form of these 113 promissory notes made pay-

able to the Bank, not to the single note sued upon which is made payable to Darrell Alleman.

■■ We disagree. The guarantees do *not* restrict coverage to notes made solely payable to or in favor of the Bank. The guarantees merely state that each of the guarantors assumes responsibility for notes signed by either spouse, which are given to the Bank. By their clear terms, the guarantees apply to the note in question.

Defendant contends that the scope of the language used in *Fannin State Bank v. Grossman* (1961), 30 Ill. App. 2d 484, is required before the guarantees in this case would cover the note in question. The guarantee in *Fannin* stated that defendant:

> "unconditionally guarantees prompt payment when due and at all times thereafter of any and all indebtedness and liability of every kind, nature and character and all renewals, extensions and modifications thereof now existing or which may hereafter exist from the Borrower to said Bank, howsoever and whensoever created, or arising or evidenced, or acquired." (Emphasis omitted.) (*Fannin*, 30 Ill. App. 2d at 487.)

Such language was held sufficient to constitute a guarantee of liability by the principal by his endorsement of the promissory note.

We do not agree that the language used in *Fannin* is necessary here for liability of the defendant to arise. We find that the language of the guarantees sufficiently encompassed the note in question.

Alternatively, defendant contends that plaintiff's cause of action is barred by the statute of limitations. The statute provides:

> "Except as provided in Section 2—725 of the 'Uniform Commercial Code' [Ill. Rev. Stat. 1989, ch. 26, par. 2—725], actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay has been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." (Ill. Rev. Stat. 1989, ch. 110, par. 13—206.)

Defendant relies on *Boatmen's Bank v. Dowell* (1991), 208 Ill. App. 3d 994. In *Boatmen's*, a second guarantee executed more than 10 years after an initial guarantee was held to have revived the initial guarantee, thereby precluding application of the statute of limitations. Defendant contends that since there were no guarantees entered after

the final guarantee in 1971, actions based on that guarantee after 1981 are precluded by the statute of limitations.

■■ We disagree. Where a guarantee is unequivocal in its terms, it must be interpreted according to the language used. (*Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 537.) "It is not what one of the parties may have intended that is controlling, but what is shown by the contract to have been the intention of both parties." (*Bank of Naperville*, 86 Ill. App. 3d at 537.) Here, the final paragraph of the guarantees states specifically that they shall remain in full force and effect until revoked in writing by either party and shall remain in effect for any notes or obligations existing at that time. Such language was not present in the guarantees in *Boatmen's*. Moreover, such language establishes clearly that the guarantees were to continue and extend to all future notes until the guarantees were revoked in writing by either party. Being continuous guarantees, the guarantees extended to the May 3, 1984, note in issue here. Because plaintiff's suit was filed on July 9, 1987, the suit is not barred by the 10-year statute of limitations.

For the foregoing reasons, the order of the circuit court of Putnam County granting defendant's motion for judgment on the pleadings is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and BOWMAN, J., concur.